Docusign Envelope ID: 806937C8-054D-421B-B2F4-FB98FD2737F6
Docusign Envelope ID: 806937C8-054D-421B-B2F4-FB98FD2737F6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**ROLAND BROWN,**
 Plaintiff,

v.

**SONY MUSIC ENTERTAINMENT INC.**
 550 Madison Avenue, New York, NY 10022,

**WARNER MUSIC GROUP CORP.**
 1633 Broadway, New York, NY 10019,

**GOOGLE LLC, d/b/a YOUTUBE**
 901 Cherry Ave., San Bruno, CA 94066,

**SPOTIFY USA INC.**
 4 World Trade Center, 150 Greenwich Street, 62nd Floor, New York, NY 10007,

**APPLE INC.**
 One Apple Park Way, Cupertino, CA 95014,

**AMAZON.COM, INC.**
 410 Terry Avenue North, Seattle, WA 98109-5210,

**Defendants.**

Case No. _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT/QUANTUM MERUIT, AND DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff Roland Brown, by and through counsel, alleges as follows:

# I. INTRODUCTION

1. This is a civil action for copyright infringement and unjust enrichment arising from Defendants' unauthorized and ongoing reproduction, distribution, public performance, streaming, hosting, and monetization of two original musical compositions authored by Plaintiff: "Take Your Time" and "Here With Me" (collectively, the "Works").
2. Plaintiff alleges the Works were commercially exploited as part of the album Mo Thugs Family Scriptures and continue to be exploited through modern streaming and online distribution channels, including major platforms operated by Defendants.
3. Plaintiff seeks, among other relief, an award of statutory damages as permitted by law and/or an award of actual damages and Defendants' profits in an amount to be proven at trial, but believed to exceed $7,500,000 per song (for a total believed to exceed $15,000,000), plus injunctive relief, an accounting, and declaratory relief.
4. Plaintiff further seeks restitution/disgorgement on his state-law unjust enrichment/quantum meruit claim in an amount to be proven at trial, but believed to exceed $25,000,000, to the extent such relief is not duplicative of any recovery under federal copyright law.

---

# II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501, because this action arises under the Copyright Act.
6. This Court has supplemental jurisdiction over Plaintiff's related state-law claim(s) pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.
7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants transact business in this District and distribute and/or make available the Works to users in this District through nationwide channels of commerce, including online streaming and digital distribution.

## III. PARTIES

8. Plaintiff Roland Brown is an individual residing in Cleveland, Ohio. Plaintiff is represented by counsel.
9. Defendant Sony Music Entertainment Inc. is a music company with an address at 550 Madison Avenue, New York, NY 10022.
10. Defendant Warner Music Group Corp. is a music company with its principal executive offices at 1633 Broadway, New York, NY 10019.
11. Defendant Google LLC, d/b/a YouTube operates YouTube and lists a contact address of 901 Cherry Ave., San Bruno, CA 94066.
12. Defendant Spotify USA Inc. operates the Spotify streaming service and lists its address as 4 World Trade Center, 150 Greenwich Street, 62nd Floor, New York, NY 10007.
13. Defendant Apple Inc. lists its principal executive offices at One Apple Park Way, Cupertino, CA 95014.
14. Defendant Amazon.com, Inc. lists its principal executive offices at 410 Terry Avenue North, Seattle, WA 98109-5210.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff is the author (and owner of rights, in whole or in part) of the original musical compositions titled "Take Your Time" and "Here With Me."
16. Plaintiff has not bee able to obtain U.S. Copyright registrations for the Works as a result of Defendants actions.
17. Plaintiff alleges the Works were commercially exploited without Plaintiff's authorization and without proper compensation and/or credit.
18. Plaintiff alleges Defendants have participated in, enabled, facilitated, hosted, distributed, and/or profited from exploitation of the Works through music distribution systems and streaming platforms, including online streaming and hosting services.
19. Plaintiff further alleges that exploitation has continued into the streaming era through Defendants' platforms and/or distribution relationships, and that the Works remain available to the public via multiple services and formats.
20. Plaintiff alleges Defendants have had the ability to control and/or stop the continued exploitation of the Works through their respective distribution,

21. hosting, licensing, content management, rights ingestion, and monetization systems, yet continued exploitation and monetization occurred without remitting proper compensation to Plaintiff.
22. Plaintiff previously filed an action in this District titled *Brown v. Mo Thugs, Inc. LLC, et al.*, Case No. 1:11-cv-00844, which was dismissed without prejudice on August 31, 2011 pursuant to Rule 4(m) for want of prosecution/service issues.
23. Plaintiff seeks discovery and a full accounting to determine, among other things: the scope of exploitation of the Works; the number of streams, downloads, and sales; gross revenues; net profits; licensing income; advertising revenue and allocations; subscription revenue allocations; and all persons and entities receiving revenue attributable to the Works.

*Note: items above are numbered 21, 22 in source; the list continues.*

## V. CLAIMS FOR RELIEF

**COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.
24. Plaintiff owns exclusive rights under 17 U.S.C. § 106 in the Works, including the rights to reproduce, distribute, and publicly perform the Works, and to authorize others to do so.
25. Defendants, without authorization, have infringed Plaintiff's exclusive rights by reproducing, distributing, publicly performing, streaming, hosting, and/or otherwise exploiting the Works, including through online availability and monetization.
26. The infringement has been and is ongoing and has caused and continues to cause Plaintiff substantial harm.
27. Upon information and belief, Defendants' infringement has been willful in that Defendants continued exploitation and monetization of the Works despite lacking valid authorization from Plaintiff and despite the ability to investigate, control, manage, and/or halt unauthorized exploitation within their respective systems.
28. Plaintiff is entitled to recover, as permitted by law, actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) and, to the extent available, statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief under 17 U.S.C. § 502.

Docusign Envelope ID: 806937C8-054D-421B-B2F4-FB98FD2737F6

Docusign Envelope ID: 806937C8-054D-421B-B2F4-FB98FD2737F6
Case: 1:26-cv-00197-DAR Doc #: 1 Filed: 01/25/26 5 of 8. PageID #: 5

## COUNT II — UNJUST ENRICHMENT / QUANTUM MERUIT (STATE LAW)

### (Pled in the Alternative and to the Extent Not Preempted)

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.
30. Plaintiff conferred valuable benefits upon Defendants by creating the Works and providing the creative value embodied in the Works, which Defendants have exploited, distributed, hosted, streamed, publicly performed, and monetized.
31. Defendants had knowledge of the benefits conferred because Defendants (a) commercially exploited the Works, (b) monetized access to recordings embodying the Works, and (c) utilized licensing, rights management, content ingestion, publishing administration, content identification, and/or monetization systems designed to recognize and monetize copyrighted music.
32. Plaintiff created the Works with the reasonable expectation—consistent with industry practice and the commercial context of music releases—that if the Works were used commercially, Plaintiff would be credited and compensated, including through license fees, royalties, and other payments.
33. Defendants accepted, retained, and enjoyed the benefits of the Works by continuing to distribute, host, stream, and monetize the Works, including through subscription revenue, advertising revenue, and other monetization mechanisms, while failing to ensure Plaintiff was properly compensated.
34. Defendants' retention of these benefits without payment to Plaintiff is unjust and inequitable because Defendants have profited from the Works while Plaintiff has received no (or materially deficient) compensation for the same exploitation.
35. Upon information and belief, Defendants' unjust retention is further inequitable because Defendants are in a superior position to determine ownership and payment allocations through their rights ingestion, licensing, and accounting systems, yet continued exploitation and monetization occurred without remitting compensation to Plaintiff.
36. Plaintiff has been damaged by Defendants' unjust enrichment in an amount to be determined at trial, and Plaintiff is entitled to restitution and disgorgement of the benefits unjustly retained by Defendants attributable to exploitation of the Works.
37. Plaintiff seeks restitution/disgorgement only to the extent such relief is not duplicative of any recovery awarded under the Copyright Act, and Plaintiff pleads this Count in the alternative.

## COUNT III — DECLARATORY RELIEF (28 U.S.C. § 2201)

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.
39. An actual and justiciable controversy exists regarding ownership, rights, authorization, and continued exploitation of the Works.
40. Plaintiff seeks a declaration establishing Plaintiff's rights in the Works and that Defendants lack authorization absent a valid license and/or assignment from Plaintiff.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff requests judgment against Defendants as follows:**

**A.** A declaration that Defendants infringed Plaintiff's rights in each of the Works, "Take Your Time" and "Here With Me";

**B.** An award of (i) statutory damages as permitted under 17 U.S.C. § 504(c) (including, where applicable, up to the maximum for willful infringement), or, in the alternative, (ii) actual damages and Defendants' profits under 17 U.S.C. § 504(b), in an amount to be proven at trial, but believed to exceed $7,500,000 per song (for a total believed to exceed $15,000,000), together with prejudgment interest;

**C.** On Count II, restitution and disgorgement of benefits unjustly retained in an amount to be proven at trial, but believed to exceed $25,000,000, to the extent not duplicative of any recovery under federal copyright law;

**D.** A full accounting of all revenues, streams, downloads, sales, licenses, advertising revenue, subscription revenue allocations, advances, recoupments, fees, costs, deductions, and other monetization attributable to each Work and Defendants' exploitation of the Works;

**E.** Preliminary and permanent injunctive relief prohibiting further unauthorized exploitation of each Work, including reproduction, distribution, public performance, streaming, hosting, and monetization;

F. Costs of suit, pre- and post-judgment interest, and attorneys' fees where recoverable; and

G. Such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury on all issues so triable.

## VIII. NOTICE OF RELATED CASE

42. Pursuant to the Local Rules and applicable procedures of this Court, Plaintiff provides notice of a related prior action previously filed in this District: *Brown v. Mo Thugs, Inc. LLC, et al.*, Case No. 1:11-cv-00844, dismissed without prejudice on August 31, 2011.

## IX. EXHIBIT A (Illustrative Links to Online Availability)

43. The following links are provided as illustrative examples of online availability and are not intended to be exhaustive:
- Spotify (Album page): https://open.spotify.com/album/7IkWbFAsalhdVy1RX1I0Bv
- YouTube (Full album video): https://www.youtube.com/watch?v=-pUpRmzq_tQ

Respectfully submitted,

/s/ Rosel C. Hurley III
Rosel C. Hurley III (0083288)
Hurley Law LPA
12800 Shaker Boulevard, Suite 230
Cleveland, Ohio 44120

DocuSigned by:
*Rosel Hurley*
68B34FDF8A244A0...

1/25/2026

Phone: (216) 409-4152
Email: arnuma@gmail.com