**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Roland Brown, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-00197 |
| v. | ) | |
| | ) | Judge David A. Ruiz |
| Sony Music Entertainment Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT SPOTIFY USA INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

In this case, Plaintiff sues multiple unrelated Defendants for their alleged  "unauthorized . . . distribution," "exploitation," and "monetization" of "two original musical compositions," initially published on an album released three decades ago. Compl., ECF No. 1, ¶¶ 1–4, 15–22. Plaintiff, however, concedes in his own Complaint that he never obtained federal copyright registrations for those works, *see id.* ¶ 16, and he relies only on blanket assertions that "Defendants" have collectively "exploit[ed]" them. *See, e.g., id.* ¶¶ 18–20. Nonetheless, Plaintiff asserts claims against each Defendant for copyright infringement (Count I), unjust enrichment (Count II), and a declaratory judgment "establishing Plaintiff's rights" (Count III). *Id.* ¶¶ 23–40.

The claims against Spotify must be dismissed. The copyright infringement claim fails because Plaintiff has not obtained copyright registrations for the works at issue. *See* 17 U.S.C. § 411(a). Even if he had, his infringement allegations fall far short of the most basic pleading standards. Further, in the unlikely event that this claim survives, Plaintiff cannot obtain statutory damages or attorneys' fees.

38030332.1

The remaining claims are also fatally deficient: Plaintiff's unjust enrichment claim is preempted under the Copyright Act, and his declaratory judgment claim fails because he cannot establish an underlying cause of action or an actual controversy.

In short, this Court should dismiss Plaintiff's baseless claims against Spotify.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges that "[he] is the author (and owner of rights, in whole or in part) of the original musical compositions titled 'Take Your Time' and 'Here With Me'" (the "Works"), Compl. ¶ 15, which "were commercially exploited as part of [an] album" titled "Mo Thugs Family Scriptures" (the "Album") without his consent. *Id.* ¶¶ 1–2, 17. The Complaint acknowledges that Plaintiff first pursued claims for this purported "exploitation" of his Works fifteen years ago, in a 2011 lawsuit dismissed for lack of prosecution. *Id.* ¶ 21 (citing *Brown v. Mo Thugs, Inc. LLC, et al.*, No. 1:11-CV-00844 (N.D. Ohio)).[1] Nonetheless, the Complaint concedes that Plaintiff, in all this time, has "not bee[n] able to obtain U.S. [c]opyright registrations" for those Works. *Id.* ¶ 16.

Plaintiff asserts, generally, that "Defendants have participated in, enabled, facilitated, hosted, distributed, and/or profited from [the] exploitation of the Works through music distribution systems and streaming platforms." Compl. ¶¶ 18–20. Based on these allegations, Plaintiff brings claims against Spotify for copyright infringement, unjust enrichment, and declaratory relief.

## ARGUMENT

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff's pleading in that lawsuit makes clear that the Album itself is far older and was released in 1996—another fifteen years prior to the 2011 action. *See Mo Thugs* Compl. ¶ 33, ECF No. 1-1, *Brown v. Mo Thugs, Inc. LLC*, Case No. 1:11-CV-00844.

2

"[L]egal conclusions," "naked assertion[s]," and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Id.* (citation omitted).

I.   **Plaintiff fails to plead a copyright infringement claim against Spotify.**

**A. Plaintiff did not obtain the required copyright registrations before filing this case.**

Plaintiff's copyright claim fails at the threshold because he has not complied with Section 411(a) of the Copyright Act, which forbids prospective litigants from filing infringement actions "until . . . registration of the copyright has been made." 17 U.S.C. § 411(a). As the Supreme Court has made clear, such registration takes place "*only* when the [United States] Copyright Office *grants registration*," "*after* examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302, 309 (2019) (emphases added). This registration is "akin to an administrative exhaustion requirement," one that a plaintiff "*must* satisfy before suing to enforce [its] ownership rights." *Id*. at 301 (emphasis added).

Here, the Complaint concedes that Plaintiff does not hold federal copyright registrations for either of the Works at issue, an admission fatal to his infringement claim. *See* Compl. ¶ 16.[2] Plaintiff's threadbare allegation that "Defendants' actions" somehow precipitated this failure (*see id.*) cannot excuse this noncompliance with Section 411(a). Because Plaintiff never registered the Works with the Copyright Office before commencing this action, his infringement claim must be dismissed. *See, e.g.*, *Fourth Est.*, 586 U.S. at 300, 309 (affirming dismissal for failure to register); *Thompson v. Broadus*, No. 24-CV-1400, 2024 WL 5146002, at *2 (N.D. Ohio Dec. 17, 2024) (dismissing copyright claim for failure to "demonstrate that the [U.S.] Copyright Office has registered [the] copyright"). Further, Plaintiff cannot remedy this defect with a post-registration

---

[2] Plaintiff confirms that he lacks copyright registrations for the Works in the AO121 Form filed with the U.S. Copyright Office. *See* ECF No. 3 at 1 (listing the applications as "[p]ending").

38030332.1

amendment, because such an amendment would "run contrary to the Supreme Court's interpretation of § 411(a)." *Stringer v. Richard*, No. 4:21-CV-00632, 2022 WL 3223800, at *2 & n.22 (N.D. Ohio Aug. 10, 2022) (collecting cases where courts did not "allow [plaintiffs] to amend [their] complaint[s] to satisfy the registration requirement"). Dismissal of Count I is required.

**B. Plaintiff fails to meet basic pleading standards requiring notice and plausibility.**

Even setting aside Plaintiff's noncompliance with the registration requirement, the copyright infringement claim against Spotify still fails to satisfy basic pleading standards. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8. The Complaint pleads no "factual content" sufficient to permit "the reasonable inference that [Spotify] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It merely offers conclusory assertions that Plaintiff holds copyrights in unspecified portions of the Works, and that "Defendants" collectively "exploit[ed]" them. *See* Compl. ¶¶ 15–20. These "naked assertion[s] devoid of further factual enhancement" do not "suffice" to state a claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Further, "[b]y lumping all the defendants together," the Complaint utterly fails to "give each defendant fair notice of . . . the ground upon which [the claim] rests." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citation omitted); *see* Fed. R. Civ. P. 8(a).

In sum, Count I should be dismissed for the additional reason that Plaintiff's vague, conclusory allegations fall woefully short of stating a plausible claim of infringement.

**C. At minimum, Plaintiff cannot obtain any statutory damages or attorneys' fees.**

Plaintiff seeks statutory damages and attorneys' fees under the Copyright Act. *See* Compl. at 6–7 (¶¶ B, F); 17 U.S.C. §§ 504(c), 505. But these forms of relief are not available where the alleged infringement "commenced . . . before the effective date of [the copyright] registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *see*

4

*Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998) (infringement "commences" for purposes of Section 412 when "the first act in a series of acts constituting continuing infringement occurs").

Here, Plaintiff concedes that he has never registered the copyrights for the Works. *See supra* Part I.A. It is also clear that Plaintiff cannot obtain those registrations "within three months" of "first publication," 17 U.S.C. § 412(2), because the Complaint establishes that the Works were released no later than 2011. *See* Compl. ¶ 21. Thus, Plaintiff cannot overcome Section 412's bar, foreclosing his requests for statutory damages and attorneys' fees.[3]  *See, e.g.*, *Great S. Homes, Inc. v. Johnson & Thompson Realtors*, 797 F. Supp. 609, 613 (M.D. Tenn. 1992) (such relief was unavailable because "the [works] were [allegedly] copied prior to registration").

## II.  Plaintiff fails to plead an unjust enrichment claim against Spotify.

### A.  The Copyright Act preempts Plaintiff's unjust enrichment claim.

The unjust enrichment claim must be dismissed because the Copyright Act preempts it. The Copyright Act expressly bars all state-law claims asserting "legal or equitable rights . . . equivalent to the exclusive rights within the [Act's] general scope." 17 U.S.C. § 301(a).[4] As the Sixth Circuit has explained, "[a] claim will be preempted under Section 301 where two requirements are met": (1) "the work must come within the scope of the 'subject matter of copyright' as set forth in Sections 102 and 103 of the Copyright Act"; and (2) "the rights granted

---

[3] If any party is entitled to attorneys' fees here, it will almost certainly be Spotify. *See* 17 U.S.C. § 505 (authorizing an award of fees and costs to the "prevailing party" in an infringement action). Spotify is prepared to seek such fees and costs from Plaintiff upon dismissal.

[4] It is well-established that "courts may . . . grant a motion to dismiss based on an affirmative defense" (like preemption) where, as here, "the complaint's allegations . . . show as a matter of law that the defense applies." *VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 400 (6th Cir. 2025).

5

38030332.1

under state law must be equivalent to any of the exclusive rights within the scope of federal copyright protection." *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004).

Applying this test, courts routinely dismiss unjust enrichment claims premised on the "unauthorized use of [a plaintiff's] work," as those are precisely the "type[s] of claim[s] [that] the Copyright Act was intended to preempt." *Hayden v. 2K Games, Inc.*, 375 F. Supp. 3d 823, 828 (N.D. Ohio 2019) (unjust enrichment claim preempted); *Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*, 708 F. Supp. 2d 669, 680–81 (N.D. Ohio 2010) (same); *Eggleston v. Twentieth Century Fox Film Corp.*, 696 F. Supp. 3d 295, 301 (E.D. Mich. 2023) (same); *Brainard v. Vassar*, 561 F. Supp. 2d 922, 932–33 (M.D. Tenn. 2008) (same); *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 768–70 (M.D. Tenn. 2019) (same); *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009–10 (E.D. Mich. 2005) (same); *Rainey v. Wayne State Univ.*, 26 F. Supp. 2d 963, 969–70 (E.D. Mich. 1998) (same); *Sem-Torq, Inc. v. K Mart Corp.*, No. 89-CV-1318, 1990 WL 278987, at *5 (N.D. Ohio Oct. 4, 1990) (same), *aff'd*, 936 F.2d 851 (6th Cir. 1991); *see also Murray Hill Pubs., Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 638 (6th Cir. 2001) (Copyright Act preempted unjust enrichment claim based "on nothing more than [the] unauthorized use of plaintiffs' work"), *abrogated in part on other grounds*, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). The same result is required here because both prongs of that test are plainly satisfied.

*First*, the unjust enrichment claim meets the "subject matter" requirement because it concerns two alleged "musical compositions" (Compl. ¶ 1), which undeniably fall within the ambit of Section 102—a provision defining "musical works, including any accompanying words," as copyrightable material. 17 U.S.C. § 102(2); *see, e.g.*, *Brainard*, 561 F. Supp. 2d at 928 (finding

6

"subject matter" requirement was readily satisfied where the "state law claims all [arose] from the defendants' alleged copying of the plaintiff's musical work").[5]

*Second*, Plaintiff's unjust enrichment claim is equivalent to an infringement claim under the Copyright Act. *See Stromback*, 384 F.3d at 300–01. Such "[e]quivalency exists" where "the right defined by state law may be abridged by an act which in and of itself would infringe one of [those] exclusive rights," including (among others) the rights to reproduce, perform, distribute, or display the copyrightable content. *Id.* at 301 (citation omitted); *see* 17 U.S.C. § 106 (enumerating the exclusive rights granted under the Copyright Act).

Plaintiff's Complaint confirms this equivalency. His unjust enrichment claim rests on alleged violations of rights identical to those protected under the Copyright Act, as his own words make clear:

- **Complaint ¶ 1:** alleging that the unjust enrichment claim "aris[es] from" the purportedly "unauthorized [] reproduction, distribution, public performance," and "monetization" of his Works—which are the exact allegations underlying his copyright claim.

- **Complaint ¶¶ 29–33:** alleging that "Defendants have exploited, distributed, hosted, streamed, publicly performed, and monetized [the Works]" and "enjoyed the benefits of the Works by continuing to distribute, host, stream, and monetize [them]."

- **Complaint ¶¶ 24–27:** alleging identical conduct in support of the copyright infringement claim and explicitly describing the "rights to reproduce, distribute, and publicly perform the Works" as Plaintiff's "exclusive rights under 17 U.S.C. § 106."

Thus, Plaintiff's unjust enrichment claim is grounded in the unauthorized "exploitation" of his Works, the very "essence" of a copyright infringement action. *Hayden*, 375 F. Supp. 3d at 828. The Copyright Act therefore preempts the unjust enrichment claim, and Count II must be dismissed.

---

[5] Plaintiff's lack of registrations does not affect preemption. The relevant question is simply whether the Works underlying Plaintiff's state-law claim "come within the scope of the 'subject matter of copyright,'" irrespective of whether those Works are registered. *Stromback*, 384 F.3d at 300 (the "subject matter requirement . . . is satisfied if a work fits within the general subject matter of Sections 102 and 103 of the Copyright Act, regardless of whether it qualifies for copyright protection"); *Hayden*, 375 F. Supp. 3d at 828 (the "question is not whether a copyright is registered, but rather, whether the work falls within the scope of the subject matter of copyright").

7

**B. Plaintiff fails to meet basic pleading standards requiring notice and plausibility.**

Even if the Copyright Act did not preempt Plaintiff's unjust enrichment claim (and it does), that claim still fails to satisfy the same basic pleading standards discussed above. *See supra* Part I.B. Plaintiff pleads no "factual content" sufficient to permit "the reasonable inference" that Spotify is "liable" for unjust enrichment. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff relies on the same "naked assertion[s]" underlying his copyright claim, *see id.*, which are improperly alleged against all "Defendants" without any supporting facts. *See, e.g.*, Compl. ¶ 33 ("Defendants accepted, retained, and enjoyed the benefits of the Works."). These pleading defects also require dismissal of Count II.

## III.  Plaintiff's declaratory judgment request fails.

Plaintiff seeks a declaratory judgment "establishing [his] rights in the Works" and confirming "Defendants['] lack [of] authorization absent a valid license." Compl. ¶ 40. The Court should dispose of this request for two independent reasons.

*First*, Plaintiff has failed to plead an underlying copyright infringement claim warranting this form of relief. The Declaratory Judgment Act "is procedural only," *Heydon v. MediaOne of Se. Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003), and thus "does not create an independent cause of action," *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Accordingly, "a plaintiff is not entitled to declaratory relief in the absence of a viable claim." *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 930 (W.D. Tenn. 2011), *aff'd*, 559 F. App'x 508 (6th Cir. 2014).

Here, Plaintiff does not (and cannot) state a claim for copyright infringement against Spotify, which bars his recovery of declaratory relief establishing his rights in the Works. *See, e.g.*, *Hello I Am Elliot, Inc. v. Sine*, No. 19-CV-6905, 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) ("Plaintiffs [] have not registered their copyright . . . , and thus would be barred from pursuing [an infringement] cause of action—and a corresponding declaratory judgment."); *Johnson v. Magnolia Pictures LLC*,

38030332.1

No. 18-CV-9337, 2019 WL 4412483, at *3 (S.D.N.Y. Sept. 16, 2019) (disposing of copyright-related declaratory judgment request because plaintiff could not plead copyright infringement claim). Indeed, such relief would allow Plaintiff to obtain the same adjudication of his rights that he would secure with a viable infringement claim, but without first registering his copyrights. *See* 17 U.S.C. § 411(a). Plaintiff cannot circumvent the Copyright Act's registration requirement in this manner.

*Second*, the request for declaratory relief should be dismissed because Plaintiff fails to plead any "actual controversy" with Spotify. *See Fieger v. Mich. Supreme Ct.*, 553 F.3d 955, 961 (6th Cir. 2009). To satisfy this fundamental requirement at the pleading stage, a plaintiff "must plausibly allege facts . . . 'show[ing] that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Saginaw Cnty. v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Plaintiff's vague and conclusory allegations do not even hint at a "concrete dispute[]" of "sufficient immediacy and reality." *Saginaw Cnty.*, 946 F.3d at 954 (citations omitted); *cf. N. Am. Co. for Life & Health Ins. v. Crowell*, No. 20-CV-2027, 2021 WL 3167411, at *2 (N.D. Ohio July 26, 2021) (an "actual controversy" requires, *inter alia*, an "injury-in-fact" that is "fairly traced to the challenged action of the defendant"). Plaintiff never alleges, for example, that Spotify "challenged [Plaintiff's] ownership of the [Works]," "asserted copyright claims against [him]," or "in any way threatened [him] with a lawsuit." *Hayden*, 375 F.Supp.3d at 829–30 (dismissing declaratory judgment request in copyright action for failure to make such allegations); *Electroweb Media, Inc. v.*

*Mycashnow.com, Inc.*, No. 02-CV-133, 2007 WL 9734141, at *3 (E.D. Tenn. Sept. 11, 2007) (same where defendant never "argued that it created [or] owned" the copyrighted software at issue).[6]

Indeed, the Complaint does not allege that Plaintiff communicated with Spotify at all. It offers only generalized assertions and legal conclusions about Defendants as a group. *D & F Corp. v. Bd. of Trs. of Pattern & Model Makers Ass'n of Warren & Vicinity Defined Benefit Pension Plan*, 795 F. Supp. 825, 839 (E.D. Mich. 1992) (dismissing declaratory judgment request where plaintiffs "ha[d] not alleged any facts to support . . . an actual controversy"). This barebones pleading falls far short of alleging an "actual controversy" for a declaratory judgment action.

In sum, Plaintiff cannot pursue declaratory relief against Spotify. Count III must be dismissed.

### CONCLUSION

For the foregoing reasons, Spotify respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint against Spotify.

---

[6] Further illustrating the point, this case stands in stark contrast to those where courts have permitted a copyright-related request for declaratory relief to proceed. In *Severe Records, LLC v. Rich*, 658 F.3d 571, 574–77, 580–83 (6th Cir. 2011), it was plain that an "actual controversy" existed: the plaintiffs had registered their copyrights, and the defendants nonetheless sent "numerous cease-and-desist letters" alleging copyright infringement and "threatened" to "sue[] plaintiffs for copyright infringement . . . on numerous occasions." *Id.* at 581–83.

38030332.1

Dated:  April 17, 2026

Respectfully submitted,

   /s/ David B. Cupar
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
T 216.348.5400 │ F 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com


Brendan T. Kehoe*
Rachel H. Simon*
KLARIS LAW PLLC
161 Water Street, Ste. 904
New York, New York 10038
T 646.779.4882
brendan.kehoe@klarislaw.com
rachel.simon@klarislaw.com

*Pro hac vice application pending.

Counsel for Spotify USA Inc.

11

38030332.1