IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND BROWN,
Plaintiff,

v.                                        Case No. 1:26-cv-00197-DAR
                                          Judge David A. Ruiz

SONY MUSIC ENTERTAINMENT INC., et al.,
Defendants.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT SPOTIFY USA INC.'S
MOTION TO DISMISS (ECF NO. 24)

## I. INTRODUCTION

Plaintiff Roland Brown ("Plaintiff") brings this action arising from the unauthorized and ongoing

exploitation of two copyrighted musical compositions, **"Take Your Time"** and **"Here With**

**Me"** (the "Works"), including through continued distribution and streaming of *Mo Thugs –*

*Family Scriptures* on platforms such as Spotify. (Compl., ECF No. 1.)

Defendant Spotify USA Inc. ("Spotify") moves to dismiss, contending (i) Plaintiff lacks

copyright registration and therefore cannot sue under 17 U.S.C. § 411(a); (ii) the Complaint lacks

Spotify-specific allegations; (iii) statutory damages/fees are unavailable under 17 U.S.C. § 412;

(iv) unjust enrichment is preempted under 17 U.S.C. § 301; and (v) declaratory relief fails for

lack of a viable underlying claim and lack of "actual controversy."

Spotify's motion should be denied. Most importantly, Spotify's threshold "no registration"

premise is incorrect. The Works are registered under **Registration No. SR0000239253 (June 12,**

**1997)**. Plaintiff also provided Spotify written notice identifying the Works and their availability on Spotify. To the extent the Court finds any pleading deficiency, the proper remedy is leave to amend, not dismissal with prejudice.

## II. RELEVANT FACTS AND POSTURE

A. Plaintiff alleges ongoing exploitation and monetization of the Works through streaming and distribution channels and seeks an accounting and other relief. (Compl., ECF No. 1.)

B. The Works are registered. The U.S. Copyright Office public record reflects **SR0000239253 / 1997-06-12**, lists "Take your time" and "Here with me," and indicates the Works appear in *Mo Thugs family scriptures*.

C. On **June 22, 2023**, Plaintiff's counsel provided written notice to Spotify's designated infringement address identifying the Works, asserting nonpayment, demanding compensation, and providing a Spotify link.

## III. ARGUMENT

## A. Count I is not barred by § 411(a) because the Works are registered

Spotify argues dismissal is required under 17 U.S.C. § 411(a) and *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019), because Plaintiff allegedly did not register the Works. That argument fails because registration exists. The Copyright Office record reflects Registration No. **SR0000239253**, dated June 12, 1997, listing the Works by title.

Accordingly, § 411(a)'s prerequisite is satisfied and Count I should not be dismissed on that basis. To the extent Spotify relies on Complaint ¶16 (quoted in its motion), the controlling

Copyright Office record resolves the issue and any inconsistency is readily corrected by amendment/errata rather than dismissal.

## B. Spotify's "no Spotify-specific facts / group pleading" argument does not warrant dismissal at the pleading stage

Spotify argues Plaintiff fails Rule 8 because he allegedly "lumps" defendants together and does not allege Spotify-specific conduct. But Plaintiff alleges ongoing availability and exploitation through streaming platforms and seeks an accounting to determine the scope of streams, revenues, licensing, and monetization. (Compl., ECF No. 1.)

> In Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 167 L.Ed.2d 929 (2007), the Supreme Court stated that in order to survive a Rule 12(b)(6) motion, the nonmoving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." Weeks later, the Supreme Court cited Twombly in support of the well-established principle that "Federal Rule of Civil Procedure 8(a)(2) requires only `a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only `give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting Twombly, 127 S.Ct. at 1964).

*Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009), 467

The internal facts Spotify demands—catalog ingestion pathway, label-line/rights supplier, licensing/authorization records, and monetization allocations—are within Spotify's possession. Plaintiff also provided Spotify written notice identifying the Works and their availability on Spotify. These facts make Spotify's involvement plausible and warrant discovery rather than dismissal.

**C. Spotify's § 412 argument concerns remedies, not dismissal of Count I**

Spotify argues that statutory damages and attorneys' fees are unavailable under 17 U.S.C. § 412 and, on that basis, seeks to foreclose those remedies at the pleading stage. Even if § 412 ultimately limits statutory damages and fees depending on when any alleged infringement "commenced," that is a remedies issue that does not warrant dismissal of the underlying infringement claim. Plaintiff seeks actual damages and Defendants' profits under 17 U.S.C. § 504(b) regardless. In addition, any effort to strike statutory damages and attorneys' fees under Rule 12(f) is premature. With registration established, the § 412 analysis turns on fact-intensive questions—including the timing and scope of Spotify's alleged exploitation and when any continuing infringement commenced—that are not appropriately resolved on an undeveloped record. At minimum, the Court should deny any request to strike as unnecessary at this stage and address remedies after discovery clarifies the relevant timing and scope.

**D. Count II should not be dismissed with prejudice; extra-element law and Ohio unjust enrichment support pleading-stage survival (or leave to amend)**

Spotify argues unjust enrichment is preempted under 17 U.S.C. § 301(a) and cites *Stromback v. New Line Cinema*, 384 F.3d 283 (6th Cir. 2004) and related cases. The Sixth Circuit's "extra element" framework recognizes that a state-law claim is not preempted where it requires an element that changes the nature of the claim so it is qualitatively different from copyright infringement. *Stromback*, 384 F.3d at 300–01. A promise/expectation of payment can supply that extra element (as analyzed in *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001)). Plaintiff alleges nonpayment despite commercial exploitation and pleads Count II in the alternative.

> Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim. 256 F.3d at 456 (citation omitted). See also Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1440 (9th Cir.1993). The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action. Data Gen., 36 F.3d at 1164-65.

*Stromback v. New Line Cinema*, 384 F.3d 283, 2004 WL 2032112 (6th Cir. 2004)

> For the purpose of the preemption analysis, there is a crucial difference between a claim based on quasi-contract, i.e., a contract implied in law, and a claim based upon a contract implied in fact. In the former, the action depends on nothing more than the unauthorized use of the work. Thus, an action based on a contract implied in law requires no extra element in addition to an act of reproduction, performance, distribution or display, whereas an action based on a contract implied in fact requires the extra element of a promise to pay for the use of the work which is implied from the conduct of the parties.

*Wrench, LLC v. Taco Bell Corp.*, 256 F.3d 446, 59 USPQ2d 1434 (6th Cir. 2000), 459

Ohio law recognizes unjust enrichment where (1) a benefit is conferred, (2) the defendant has knowledge of the benefit, and (3) retention without payment would be unjust. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 465 N.E.2d 1298 (1984).

> In Hummel v. Hummel (1938), 133 Ohio St. 520, 525, 14 N.E.2d 923, this court observed that liability in quasi-contract "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain * * *." The court of appeals in this case listed the elements of quasi-contract as follows: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')."

*Hambleton v. R.G. Barry Corp.,* 465 N.E.2d 1298, 12 Ohio St.3d 179, 12 OBR 246 (Ohio 1984), 1302

Plaintiff alleges Defendants—including Spotify—derived benefits from exploitation/monetization of the Works without compensating Plaintiff, and Plaintiff provided direct written notice to Spotify.

At minimum, if the Court concludes Count II overlaps too closely with infringement as currently pleaded, the proper remedy is dismissal without prejudice and leave to amend to plead additional "extra element" facts and Spotify-specific post-notice retention/benefit facts.

**E. Count III (Declaratory Relief) is not duplicative and an actual controversy exists**

Spotify argues declaratory relief fails because Plaintiff lacks an underlying claim and because no "actual controversy" exists. Both fail.

First, Plaintiff's infringement claim is viable because the Works are registered. Second, Plaintiff provided Spotify direct notice identifying the Works and their availability on Spotify. A declaratory judgment is proper where there is a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *Saginaw Cnty., Mich. v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951 (6th Cir. 2020).

> The standards for determining whether a particular declaratory-judgment action satisfies the case-or-controversy requirement--i.e., "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief,

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)

Docusign Envelope ID: 878BA141-C8F4-8B63-819C-69621BC5A220

> Even when a claimant seeks declaratory relief, then, he must satisfy the prerequisites of the Declaratory Judgment Act and Article III's standing baseline. He must plausibly allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc. , 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quotation omitted).

*Saginaw Cnty. v. Stat Emergency Med. Servs., Inc.,* 946 F.3d 951 (6th Cir. 2020), 960

The Declaratory Judgment Act is procedural, but declaratory relief may be awarded where it clarifies present legal relations and guides future conduct. *Davis v. United States*, 499 F.3d 590 (6th Cir. 2007).

> A district court has subject matter jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal laws or the federal Constitution." Cobb v. Contract Transp., Inc., 452 F.3d 543, 548 (6th Cir.2006)

*Davis v. U.S.,* 499 F.3d 590 (6th Cir. 2007), 594

Here, Plaintiff alleges ongoing availability and monetization and disputes Spotify's authorization absent a license/assignment. That is an ongoing controversy. Declaratory relief is also not duplicative because it clarifies rights and authorization prospectively, while Count I seeks damages for past and ongoing violations.

## F. Statute of limitations does not warrant dismissal at the pleading stage

To the extent Spotify raises timeliness themes (the album's age), dismissal is not warranted on limitations grounds where Plaintiff alleges ongoing distribution/streaming and monetization. Under the "separate-accrual" concept discussed by the Supreme Court, each infringing act can trigger its own limitations period; at minimum, claims based on acts within the limitations window are actionable. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 672 (2014). The scope and timing of streams, revenues, and allocations are fact issues appropriate for discovery.

> A copyright claim . . . arises or 'accrue[s]' when an infringing act occurs." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014).

*Everly v. Everly*, 958 F.3d 442 (6th Cir.2020)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Spotify's Motion to Dismiss (ECF No. 24). Alternatively, Plaintiff requests that any dismissal be without prejudice and that Plaintiff be granted leave to amend to add additional Spotify-specific factual allegations consistent with Spotify's records and discovery.

Respectfully submitted,

DocuSigned by:

*Rosel Hurley*

68B34FDF8A244A0...

/s/ **Rosel C. Hurley III (0083288)**
Hurley Law LPA
12800 Shaker Boulevard, Suite 230
Cleveland, Ohio 44120
Phone: (216) 409-4152
Email: arnuma@gmail.com
Counsel for Plaintiff Roland Brown

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th  day of May, 2026, I filed the foregoing document electronically with the Clerk of Court using the CM/ECF system. I further certify that the foregoing was served via the CM/ECF system upon all counsel of record registered to receive electronic notice in this case.

/s/ Rosel C. Hurley III
Rosel C. Hurley III (0083288)

DocuSigned by:

*Rosel Hurley*

68B34FDF8A244A0...